**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | | |
|---|---|---|
| STEVEN MCCARTY, | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | No. 7:17-cv-149 |
| | § | |
| MVT SERVICES, L.L.C., | § | |
| and FRANCISCO PALOMO TORRES, | § | |
| *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Steven McCarty, Plaintiff in the above entitled cause, complaining of MVT Services, L.L.C. and Francisco Palomo Torres, Defendants, and would respectfully show the Court as follows:

## I. PARTIES

1.   Plaintiff, Steven McCarty, is an individual that is a citizen of Texas.

2.   Upon information and belief, at all times material hereto, Defendant Francisco Palomo Torres ("Defendant Torres"), an individual and a citizen of the state of New Mexico, and may be served with summons at his last known residence located at 621 East Lisa Drive, Chaparral, New Mexico 88081 or wherever he may be found.

3.   Upon information and belief, at all times material hereto, Defendant MVT Services, L.L.C ("Defendant MVT"), is a corporation that is incorporated under the laws of New Mexico. Defendant MVT may be served with process by serving its registered agent for service, Dean Rigg, at 3590 West Picacho Avenue, Las Cruces, New Mexico 88007.

## II. JURISDICTION AND VENUE

4.       The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

5.       The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 because the suit is between citizens of a U.S. state, and a citizen of a foreign state, and the amount in controversy exceeds $75,000, excluding interest and costs.

6.       Venue is proper in the United States Middle District Court, Western District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because this is the District in which a substantial part of the events or omissions giving rise to the claim occurred.

## IV. FACTS

7.       The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

8.       On or about December 18, 2016, upon information and belief, Defendant Torres was working as an employee of Defendant MVT and was driving a semi-truck and trailer owned by Defendant MVT.

9.       Defendant Torres, who was driving northbound on SW Loop 1910, failed to stop and/or yield the right of way a stop sign and crossed into the path of Plaintiff McCarty's Ford F-250 truck that was westbound on West Highway 115. The intersection where this crash occurred is located in Andrews County, Texas.

10.       Defendant Torres and Defendant MVT's negligence proximately caused the collision, and the resulting injuries and damages sustained by Plaintiff in the collision.

## V. COUNT I - NEGLIGENCE

11.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

12.     Defendant Torres was guilty of negligence in other respects including but not limited to the following:

        a.     In failing to control his speed;

        b.     In failing to keep a proper lookout;

        c.     In failing to watch the road;

        d.     In to stop at a stop sign;

        e.     In failing to timely apply his brakes;

        f.     In failing to yield the right of way; and

        g.     In operating a commercial vehicle in a careless manner.

13.     Each of the foregoing acts or omissions of Defendant Torres, singularly or in combination with others, constituted negligence which was a proximate cause of the above-referenced occurrence and Plaintiff's injuries and damages.

## VI. COUNT II – NEGLIGENCE *PER SE*

14.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

15.     At all times pertinent hereto there were in force and effect, state and federal statutes that were enacted for the safety of the public at large, including Plaintiff.

16.     The Federal Motor Carrier Safety Act adopted regulations, hereinafter referred to as "FMCSR," that apply to all trucks engaged in interstate commerce including Defendant MVT's tractor-trailer.

17.     In addition, Texas State and Traffic Laws apply to such trucks operating within the State of Texas.

18.     There were in force and effect FMCSR regulations that may have been violated by Defendant MVT including but not limited to the following:

      a.      FMCSR 383.35 and 391.23 regarding background investigation of drivers;

      b.      FMCSR 391.11 regarding driver qualifications;

      c.      FMCSR 391.13 regarding driver training;

      d.      FMCSR 391.25 regarding annual review of driver safety;

      e.      FMCSR 391.27 regarding annual reports of driving violations;

      f.      FMCSR 391.31 regarding driver road testing;

      g.      FMCSR 391.51 regarding qualification and records files;

      h.      FMCSR 395.3 regarding hours of operation; and

      i.      FMCSR 395.8 regarding driver duty status logs.

19.     At the time of the aforesaid collision there were in force and effect FMCSR regulations that may have been violated by Defendant Torres including but not limited to the following:

      a.      FMCSR 392.14 Hazardous conditions; extreme caution;

      b.      FMCSR 392.3 regarding an ill or fatigued operator;

      c.      FMCSR 392.6 regarding schedules to conform to speed limits;

      d.      FMCSR 395.3 regarding maximum driving time;

      e.      FMCSR 383.110 regarding general knowledge;

      f.      FMCSR 383.111 regarding required knowledge; and

      g.      FMCSR 383.113 regarding required skills.

20.     At the time of the aforesaid improper driving there were in force and effect Texas State Statutes that were violated by Defendant Torres including but not limited to the following:

      a.      failing to stop at a stop sign and yield the right of way - Tex. Transp. Code §545.151.

21.     Defendant Torres and Defendant MVT's breach of the duties imposed by the statutes is negligence *per se* which was a proximate cause of the above-referenced occurrence and Plaintiff's injuries and damages.

### VII. COUNT III – NEGLIGENCE AND *RESPONDEAT SUPERIOR*

22.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

23.     At all times pertinent hereto, Defendant Torres failed to be reasonable in his operation of Defendant MVT's tractor-trailer rig. Defendant MVT is vicariously liable for the damages proximately caused to Plaintiff McCarty by virtue of the negligent conduct of its employees, including Defendant Torres. At all times relevant to the allegations in this Complaint, Defendant Torres was acting within the course and scope of his employment and was negligent. This negligence was a proximate cause of Plaintiff McCarty's injuries and damages. Therefore, Defendant MVT is vicariously liable to Plaintiff for the negligent acts and/or omissions of its employees, including Defendant Torres, on the basis of *Respondeat Superior*.

24.     Furthermore, Defendant MVT's employees, officers, principals and/or vice-principals, including Defendant Torres, were acting in the scope and course of their employment, and they had sufficient discretionary authority to speak and act for Defendant MVT with regard to the conduct at issue, independent of higher authority and were therefore, acting with managerial capacity.

25.     Defendant MVT further authorized, participated in or ratified the conduct of its employees, officers, principals and/or vice-principals. Therefore, Defendant MVT is vicariously liable for punitive damages based upon its authorization, participation, and/or ratification of the conduct of its employees, officers, principals and vice-principals, including Defendant Torres.

26.     Defendant Torres was negligent and breached his duty to Plaintiff and the public at the above time and place in many ways including but not limited to the following respects:

      a.       In failing to control his speed;

      b.       In failing to keep a proper lookout;

      c.       In failing to watch the road;

      d.       In to stop at a stop sign;

      e.       In failing to timely apply his brakes;

      f.       In failing to yield the right of way; and

      g.       In operating a commercial vehicle in a careless manner.

27.     Each of the foregoing acts or omissions of Defendant Torres, singularly or in combination with others, constituted negligence which was a proximate cause of the above-referenced occurrence and Plaintiff's injuries and damages.

## VIII. COUNT IV—Negligent Entrustment, Hiring, Supervision, Training and Retention

28.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

29.     Upon information and belief, the tractor-trailer driven by Defendant Torres was owned by Defendant MVT and was negligently entrusted to Defendant Torres.

30.     Defendant Torres was an employee of Defendant MVT and was acting within the course and scope of his employment.

31.     Defendant MVT is responsible for the hiring, supervision and training of its employees to assure the proper execution of the duties of an over-the-road truck driver.

32.     Defendant MVT had a duty of care to hire, supervise and train its employees to drive tractor-trailers in a reasonable and safe manner.

33.     Defendant MVT breached its duty to exercise reasonable care and acted negligently and careless in hiring, supervising and training Defendant Torres for the duties which Defendant MVT could foresee and expect Defendant Torres to perform in the course of his employment.

34.     As a direct and proximate result of Defendant MVT's negligence, as set forth above, Plaintiff McCarty has suffered injuries and damages in an amount to be proved at trial.

## IX.     GROSS NEGLIGENCE

35.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

36.     The above-mentioned acts of negligence on the part of Defendant Torres and Defendant MVT were of such character as to make Defendants guilty of gross negligence. Defendants' acts of negligence when viewed objectively from the standpoint of Defendants involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff. The gross negligence of Defendants was a proximate cause of the collision and of the injuries and damages suffered by Plaintiff. As a result of Defendants' gross negligence, Plaintiff seeks and is entitled to an award of exemplary damages.

## X. DAMAGES

37.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

38.     As a direct and proximate result of Defendant Torres and Defendant MVT's negligence, Plaintiff has suffered damages and personal injuries and, as provided by Texas law, is entitled to recover for those damages.  Plaintiff has suffered damages as follows:

a.     Physical pain sustained in the past;

b.     Physical pain that, in reasonable probability, Plaintiff will sustain in the future;

c.     Mental anguish sustained in the past;

d.     Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

e.     Physical impairment sustained in the past;

f.     Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

g.     Loss of wage earning capacity in the past;

h.     Loss of wage earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

i.     Medical care expenses sustained in the past;

j.     Medical care expenses that, in reasonable probability, Plaintiff will require in the future;

k.     Disfigurement sustained in the past; and

l.     Disfigurement that, in reasonable probability, Plaintiff will sustain in the future.

## XI.     JURY DEMAND

39.    The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

40.    Plaintiff demands, in accordance with the Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## XII.     PRAYER

41.    The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

42.     WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests Defendant Torres and Defendant MVT be cited to appear and answer and that upon final trial by jury, Plaintiff recover against Defendants the following:

    a.   past and future damages as set forth above;

    b.   exemplary damages;

    c.   pre-judgment and post-judgment interest at the highest rate allowed by law; and

    d.   for such other relief, at law or at equity to which Plaintiff may show himself entitled.

Respectfully Submitted,

GLASHEEN, VALLES & INDERMAN LLP
P.O. Box 1976 (79408-1976)
1302 Texas Avenue
Lubbock, Texas 79401
(806) 776-1334 - Direct
(806) 329-0593 - Facsimile
efile.nick.pena@gvilaw.com

*/s/ Nicholas Pena*
Nicholas Pena
State Bar No. 24051180

**ATTORNEYS FOR PLAINTIFF**

**<u>PLAINTIFF'S DEMAND FOR JURY TRIAL</u>**

Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

Respectfully Submitted,

*/s/ Nicholas Pena*
Nicholas Pena